FILED

2012 Jan-04  PM 02:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

BRENDA YOTHER,

      PLAINTIFF,

v.                                              CASE NO.: CV-11-J-838-S

STERNE, AGEE & LEACH, INC.,
      DEFENDANT.

## MEMORANDUM OPINION

Pending before the court is the defendant's motion for summary judgment (doc. 16), memorandum of law (doc. 17) and evidentiary submissions (doc. 18) in support of its motion (doc. 17), to which the plaintiff filed a response (doc. 19) and evidence in support of her opposition (doc. 20). The defendant thereafter filed a reply (doc. 22). The court having considered the pleadings, evidence and memoranda of the parties finds as follows:

## I.  Factual Background

Plaintiff was and still is employed by defendant. She claims she was passed over for a promotion because of her age (51) and gender (female). Plaintiff sues her employer for sex discrimination in violation of Title VII, 42 U.S.C. §§ 2000e *et seq*., age discrimination, in violation of the Alabama Age Discrimination in Employment

1

Act ("AADEA"),[1] § 25-1-20, *et seq*., Alabama Code, 1975, as amended, and retaliation, under an unspecified statute.[2]

Defendant Sterne, Agee & Leach, Inc. ("SAL") is a privately held brokerage firm. Sherry Anthony affidavit, ¶ 2. The plaintiff has worked for defendant since April 13, 1998. Plaintiff depo. at 13, 29. She was hired to work in customer service, which eventually became the Statement Coordinator position. *Id.,* at 33-34, 41. She does not want to leave defendant and she has not looked for another job. *Id.,* at 149-150. The plaintiff asserts she was passed over for promotion in May 2008 because of her age (currently 55) and sex and that a much younger, less qualified male was promoted instead. *Id.,* at 18, 61.

At the time in question, the plaintiff's direct manager was Dorothy Easter.[3]

---

[1]Both the plaintiff and defendant properly discuss plaintiff's age discrimination claim under the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. § 621, et seq.). Pursuant to the AADEA,

> Any person aggrieved may elect to pursue their remedies under Title VII of the Civil Rights Act of 1964 as amended, and the Age Discrimination in Employment Act 29 U.S.C. Section 621... Any employment practice authorized by the federal Age Discrimination in Employment Act shall also be authorized by this article and the remedies, defenses, and statutes of limitations, under this article shall be the same as those authorized by the federal Age Discrimination in Employment Act except that a plaintiff shall not be required to pursue any administrative action or remedy prior to filing suit under this article.

Ala.Code § 25-1-29.

[2] The plaintiff dismissed her retaliation claim on November 10, 2011 (docs. 12 and 13).

[3]Easter is about eight years older than the plaintiff. Anthony affidavit, ¶ 8; plaintiff depo. at 84.

Plaintiff depo. at 30-31.  The plaintiff was told she was going to train to be a manager under Easter between eight and ten years ago.  *Id.,* at 34, 39.

The plaintiff is in the Statement Processing, Compliance Research department Statement Support Processing Division, now under Services Division Manager Patrice Harrelson.  Plaintiff depo. at 40; Anthony affidavit, ¶ 3.  Harrelson replaced Janice Maske, who was the division manager at all times relevant to the plaintiff's claims, but has since passed away.  Anthony affidavit, ¶¶ 3, 8.  Currently, the plaintiff's direct supervisor is Shane Otto.  Plaintiff depo. at 41.  His promotion caused plaintiff to file this action. Otto reports to Easter, who in turn reports to Harrelson.  *Id.,* at 42.  Easter is older than plaintiff, to whom plaintiff used to report directly, until Otto was promoted.  *Id.*  Maske, who made the promotion decision, was born in 1948, making her approximately eight years older than the plaintiff.  Anthony affidavit, ¶¶ 3, 8; plaintiff depo. at 84.

The plaintiff states she filed an EEOC charge for age and sex discrimination because a younger male (Otto) was brought in to her division, and she was not even given the opportunity to apply for the promotion.  Plaintiff depo. at 61.  Otto came to the Statements Department from Accounts Reconciliation, which was also under Maske.  Anthony depo. at 37.  The decision to promote Otto was made by Maske.  Plaintiff depo. at 61, 72.  Thus, plaintiff thinks it is ultimately Maske who

discriminated against her.  *Id.,* at 233.

The plaintiff thinks the decision to promote Otto and not her was based on her age, because she heard Rob Osbourn tell Maske and Easter to make sure she "hired someone younger this time," but she is not sure that this comment was related to the Statements Supervisor position.  Plaintiff depo. at 72-73, 79-81, 293. Debbie Prince, a co-worker who also heard the comment, did not know what it was in reference to, but did not think it had anything to do with the Statement Supervisor position.  Prince affidavit,¶ 5.  According to the plaintiff, the statement was in reference to needing someone to provide back up to Easter and that they should get someone younger to learn everything plaintiff and Prince had not been trained to do.  Plaintiff depo. at 82-83.  However, Osbourn had nothing to do with Maske's department and plaintiff agreed it would be odd for Maske to ask Osbourn his opinion regarding who she promoted or hired.   Plaintiff depo. at 295-296; Osbourn affidavit, ¶ 3; Prince affidavit, ¶ 6.  However, the plaintiff also asserts Maske specifically stated that Otto had more years to work than plaintiff or Prince so the training would be better for him.  Plaintiff depo. at 97.

Plaintiff is convinced Easter had something to do with Otto getting the supervisor position because of the conversation she overheard with Osbourn. Plaintiff depo. at 159-160.  However, the plaintiff said she would believe the five

division managers in Operations (and not Easter) actually made the promotion decision. Plaintiff depo. at 160, 163; Hamm affidavit, ¶ 2.

According to Mark Hamm, Director of Operations and Maske's supervisor, the division managers simply picked who they wanted promoted to supervisors, and Maske picked Otto.[4] Hamm affidavit, ¶ 3. Two other men and one women were promoted at the same time as Otto to the newly created supervisor positions. Hamm affidavit, ¶¶ 2, 3; Plaintiff depo. at 70; plaintiff exhibit 3. Maribeth Williams, Service Division Manager, agreed the process as a whole was subjective. Williams depo. at 7, 80. There was no written promotion policy, supervisor positions were not posted, and there were no written standards used to chose candidates. *Id.*, at 44, 68-69.

Williams stated the plaintiff was not qualified for the position filled by Otto because she was not assertive, did not handle confrontation well, and never asked to advance.[5] Williams depo. at 10. Williams had no idea if either plaintiff's or Otto's performance reviews were considered in determining who went to supervisor school, as that would have been up to Maske. *Id.*, 48. Even if the plaintiff had told someone she wanted to advance, she still did not have the skills necessary because she was not

---

[4]Three of the five division managers were women. Plaintiff depo. at 164; Hamm affidavit, ¶ 2.

[5]If someone wanted a promotion, he or she was just supposed to tell a supervisor or manager he or she was interested in advancement. Williams depo. at 10-11.

assertive and did not handle confrontation.  *Id.*, at 11. The plaintiff was perceived as lacking initiative, computer skills and good communications skills as well. Anthony depo. at 15.

As a supervisor, Otto had to handle disgruntled representatives and employee issues.  Williams depo. at 12.  The managers thought the plaintiff lacked the ability to do this well because she had given responses to representatives previously that were not thought thorough.[6]  *Id*., at 13.  As to the assertiveness, the plaintiff appeared not jump on tasks quickly and did not think tasks all the way through.  *Id*., at 17.

Even if the plaintiff was qualified, Maske could pick who she wanted for the supervisor position and merely relay her choice to Hamm.  Williams depo. at 21.  If Hamm agreed, that person is then placed in the supervisor program.  Williams depo. at 21; Hamm declaration ¶ 2.  Williams admits Otto had no experience in the Statement department prior to becoming a supervisor, but adds that if Otto had not gotten the promotion, plaintiff would not have received it either.  Williams depo. at 38; Anthony depo. at 18-19.  She simply lacked the skill set the managers wanted. Anthony depo. at 28-29.

The plaintiff alleges Maske told her that if she did not like the decision to promote Otto, she could be moved to another department, but Otto needed to the

---

[6]Williams heard these things at management meetings, because the Statements Division was not her immediate department.  Williams depo. at 16.

promotion because his wife just had a baby, and that plaintiff's husband had a good job and her kids were grown and out of the house so she did not need the money as badly.  Plaintiff depo. at 61-63, 205.  Maske also told her that because he was younger, Otto would be with the company longer and that plaintiff did not have as many years left to work.  *Id.*, at 188, 206-208.  The plaintiff did not inquire as to what these statements might mean.  *Id.*, at 210.

The following day the plaintiff told Maske the decision to promote Otto was not right.  Plaintiff depo. at 64.  Maske also told the plaintiff that her family had had time to become "more financially secure" but she never said "your family is older." *Id.* at 203.  Plaintiff went to Mark Hamm, Director of Operations, to complain that she was passed over because of her age and sex.  *Id.*, at 65, 212-213, 216.  Hamm told her they could make a supervisor of anyone and that she was a wonderful employee so if she wanted to change departments, he would get her moved.  *Id.*, at 66.

The plaintiff does not know what Otto did before coming to work for defendant.  Plaintiff depo. at 155.  She does not know if he had any supervisory experience. *Id.* She does not know what he did in the department he worked in prior to his promotion.  *Id.*, at 165.  She does know there was testing and in house training that he got, that was never offered her.  *Id.*, at 159, 238.

The plaintiff also alleges she was told by Easter she had to provide Otto with

the answers to a test so he could pass it and become a supervisor.  Plaintiff depo. at 172-175, 177, 332-333.  According to Williams, if this is true, requiring plaintiff to provide the answers to Otto so he could pass the supervisor test would be akin to a cheat sheet, but would not invalidate the promotion because there were multiple factors considered.  Williams depo. at 42-44.  The plaintiff also alleges Maske told her that Otto had been slated for management, but he had to be a supervisor before he could be made into a manager.  Plaintiff depo. at 186-187.  She does not know what he got paid or if he got paid more than she did.  *Id.* at 198-199.

Maske provided a statement in response to the plaintiff's EEOC charge, dated June 5, 2008, in which she relayed that plaintiff had come to her a year previously with a concern that Debbie Prince would be promoted to a supervisor position. Defendant exhibit 6.  At that time, plaintiff did not ask for the supervisor job or what she could do to advance, "she only seemed concerned that Deborah might be promoted over her."  *Id.*  Later, at the same time a programmer who worked with Easter left, Otto told Maske he wanted to advance and wanted more responsibilities. *Id.*  Maske thought she could fill the void left by the programmer's departure while keeping a good employee by giving Otto the chance to advance.  *Id.*  She further stated that while plaintiff was a good clerk,

> I do not think that at this time she would make a good supervisor because assertiveness is a necessary trait for that position.  If the

8

opportunity to promote Shane and move him into the Statement Department had not presented itself, I would have looked to hire a supervisor from outside the department.  I would not have promoted Brenda...

*Id.*

The plaintiff asserts no one in her department can do his or her job as well as she can do hers.  Plaintiff depo. at 239-240.  She thinks she would be as good a supervisor as Otto, and that she could do her job better than he can because she has more knowledge.  *Id.*, at 240-241.  She agrees her evaluations stated she needed to be more assertive, but disagreed with this comment because she did not need improvement.  *Id.*, at 243-244.

When asked what she wanted out of this suit, the plaintiff said she wants compensation and fairness because she should have gotten the promotion and been given the chance to advance.[7]  However, she wants solely Otto's job and would not consider transferring to another department.  *Id.*, at 336-337.  She asserts the decision to promote Otto instead of her was based equally on her age and her sex.  *Id.*, at 331.  Although Otto was paid less as supervisor than plaintiff made, and plaintiff has been told this, the plaintiff asserts she was harmed financially by not getting this position, and has been stressed because of it too.  *Id.*, at 350-352; see also Anthony depo. at

---

[7]The plaintiff's testimony at deposition was "...I should have had that job.  It should have been offered to me.  It should have been my job." Plaintiff depo. at 275.

9

6-7.   There are no written salary ranges, because defendant uses solely market analysis to determine pay.   Anthony depo. at 7, 11, 14.

## II. STANDARD OF REVIEW

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986).   The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993).   However, all "doubts" need not be so resolved.   *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607, 609 (11th Cir.1987).   Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990).

A party opposing a properly submitted motion for summary judgment may not

rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir.2005). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case .... A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir.2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

### III.  LEGAL ANALYSIS

The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001);

*Stewart v. Booker T. Washington Ins*., 232 F.3d 844, 848 (11th Cir.2000).  With these standards in mind, the court considers each of the plaintiff's claims.

## A.  Age Discrimination

The ADEA renders unlawful an employer's failing or refusing to hire or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age.  29 U.S.C. § 623(a)(1); *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir.2000).  Liability depends on whether the plaintiff's age actually motivated the employer's decision and had a determinative influence on the outcome.  *Reeves v. Sanderson Plumbing Products, Inc*., 530 U.S. 133, 141, 120 S.Ct. 2097, 2105, 147 L.Ed.2d 105 (2000) (citations omitted).  In *Gross v. FBL Financial Svcs*., the Supreme Court further clarified the standard under the ADEA by explicitly stating that age must be shown as the "but for" reason for the adverse employment action.  *Gross v. FBL Financial Svcs*., – U.S. – , 129 S.Ct. 2343, 2351 (2009).  In other words, the plaintiff must prove that a challenged employment decision would not have occurred but for the defendant's consideration of plaintiff's age.[8] *EEOC v. Winn-Dixie Montgomery, LLC*,

---

[8]Although the parties devote substantial arguments to the interpretation of this language in *Gross*, the court declines to rule the plaintiff can only sue for discrimination based on her age and summarily dismiss plaintiff's gender discrimination claim on this ground.  For the reasons set forth herein, the ultimate outcome of the court's opinion is the same regardless of such consideration.

2011 WL 111689 *3 (S.D.Ala.2011)(citing *Gross*, 129 S.Ct. at 2350).

Under the ADEA the plaintiff must prove, at a minimum, that she suffered an adverse employment action, in a job for which she was qualified, and that [a] similarly situated younger employee [was] treated more favorably." *Diaz v. AIG Mktg., Inc.*, 396 Fed.App'x. 664, 666 (11th Cir.2010) (citing *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir.1998)). In *Winn-Dixie*, the court noted that the

> Eleventh Circuit has continued to apply *McDonnell Douglas* analysis in ADEA cases." *Id.* at *5 (citations omitted); *see, e.g., Licausi v. Symantec Corp.*, 378 Fed. App'x 964, 965 (11th Cir.2010)*; Armbrester v. Talladega City Bd. of Educ.*, 325 Fed. App'x 877, 879 n. 4 (11th Cir.2009); see also *Puckett v. McPhillips Shinbaum*, No. 2:06cv1148, 2010 WL 1729104 at *7 & n. 5 (M.D.Ala. Mar. 30, 2010). Therefore, this court, as the court in *Archie* did, "will apply the traditional *McDonnell Douglas* standard, with an eye toward determining whether a question of fact has been created as to whether age was a 'but for' cause ... in the adverse employment actions challenged." *Archie*, 2010 WL 4439765, at *5.

*E.E.O.C. v. Winn-Dixie Montgomery, LLC,* 2011 WL 111689, *4.

As such, the plaintiff must prove she "(1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual." *Chapman,* 229 F.3d at 1024 (citing *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1207-08 (11th Cir.1997)); *Anderson v. Embarq/Sprint*, 379 Fed.App'x 924, 929 (11th

Cir.2010) (same).

The defendant does not dispute that the plaintiff satisfies the first, second and fourth element of her prima facie case.  Rather, the defendant focuses its efforts on arguing that the plaintiff was not qualified for the position in question.  Defendant's memorandum, at 19.  The plaintiff responds by pointing to facts which, if taken together, and in the light most favorable to the plaintiff, known to the decisionmaker, would tend to reflect that she held the criteria defendant sought.[9] Plaintiff's response at 8-9.

Thus the burden shifts to the defendant to produce legitimate, nondiscriminatory reasons for the challenged employment action. *See, e.g., Holifield*, 115 F.3d at 1564 (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). The employer's burden is "exceedingly light." *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir.1997) (quoting *Turnes v. AmSouth Bank*, N.A., 36 F.3d 1057, 1061 (11th Cir.1994)). This burden is one of production, not persuasion, and consequently the employer "need only produce evidence that

---

[9]The court reaches the finding that the plaintiff can satisfy her prima facie burden in part because "subjective evaluations play no part in the plaintiff's prima facie case." Rather, they are properly articulated as part of the employer's burden to produce a legitimate [] basis for its decision, then subsequently evaluated as part of the court's pretext inquiry. *Vessels v. Atlanta Independent School System,* 408 F.3d 763, 769 (11th Cir.2005). Thus, the court does not consider the defendant's subjective reasons for choosing Otto to promote, here, but rather considers those reasons under the discussion of pretext.

14

could allow a rational fact finder to conclude that [employment decision] was not made for a discriminatory reason." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1331 (11th Cir.1998).

The defendant asserts its decision-makers simply did not think the plaintiff qualified because Ms. Maske did not think she was assertive, had initiative, dealt well with conflict, or wanted to advance. Whether or not the plaintiff really lacked these attributes, which she vehemently protests, is not a relevant consideration for the court. Rather, this legitimate, non-discriminatory reason, must only have been believed to be true by Ms. Maske.

Thus, the burden returns to the plaintiff to demonstrate that the defendant's reason is pretextual and discrimination was the real reason for defendant's actions. See e.g., *Chapman*, 229 F.3d at 1024. "Because the plaintiff bears the burden of establishing pretext, [s]he must present 'significantly probative' evidence on the issue to avoid summary judgment." *Young v. Gen. Foods Corp.*, 840 F.2d 825, 829 (11th Cir.1988). The plaintiff may seek to demonstrate that the proffered reason was not the true reason for the employment decision "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine,* 450 U.S. at 256, 101 S.Ct. 1089; *Combs v. Plantation Patterns*, 106 F.3d

15

1519, 1528 (11th Cir.1997). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148, 120 S.Ct. 2097.

A plaintiff's conclusory allegations are simply not sufficient to demonstrate discrimination by the defendant. *See Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1081 (11th Cir.1990) ("[T]he plaintiff must ... present concrete evidence in the form of specific facts which show that the defendant's proffered reason is mere pretext. Mere conclusory allegations and assertions will not suffice."). Plaintiff has failed to meet her burden to show that Defendant's legitimate, nondiscriminatory reason, namely that Maske believed Otto better qualified, was pretext for discrimination. The plaintiff alleges that because the defendant considered subjective criteria, its legitimate, non-discriminatory reason is wholly suspect, demonstrating pretext. Subjective evaluations used as criteria for promotions may be meritorious where, as here, those justifications are clear and reasonably specific. *Chapman,* 229 F.3d at 1034–35. Many courts have recognized that personal qualities do factor heavily into employment decisions concerning supervisory or professional positions. "Traits such as common sense, good judgment, originality, ambition, loyalty, and tact often must be assessed primarily in a subjective fashion, yet they are essential to an individual's

success in a supervisory or professional position." *Denney v. City of Albany*, 247 F.3d 1172, 1186 (11th Cir.2001) (citation and internal quotations omitted )(quoting *Chapman v. A.I. Transport*, 229 F.3d 1012, 1033–34 (11th Cir.2000) (en banc)).

Similarly, plaintiff's argument that she was as qualified if not more qualified for the supervisor position also fails to demonstrate pretext. The plaintiff relies on nebulous overheard comments in support of her arguments, but she cannot establish what Osbourn and Easter were actually discussing. Rather, she relies solely on her personal belief of what she thought they meant by a conversation she only partially overheard. Such a conclusory allegation is insufficient.

"A plaintiff is not allowed to recast an employer's proffered nondiscriminatory reasons or substitute [her] business judgment for that of the employer." *Chapman,* 229 F.3d at 1030 (emphasizing that "federal courts do not sit as a super-personnel department that reexamines an entity's business decisions .... [r]ather our inquiry is limited to whether the employer gave an honest explanation of its behavior." (internal quotation marks omitted)); *see also Alexander v. Fulton County, Ga.,* 207 F.3d 1303, 1341 (11th Cir.2000) (stating that "it is not the court's role to second-guess the wisdom of an employer's decisions as long as the decisions are not racially motivated"); *Brooks v. County Comm'n of Jefferson County*, 446 F.3d 1160, 1163 (11th Cir.2006)(a reason is not pretext for discrimination "unless it is shown both that

the reason was false, and that discrimination was the real reason").  Yet here this is the sum of plaintiff's evidence, namely that she believed herself to be more qualified than Otto.[10]

"In the context of a promotion, 'a plaintiff cannot prove pretext by simply arguing or even by showing that ... [she] was better qualified than the [person] who received the position ... [she] coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by ... [a discriminatory animus].'" *Springer v. Convergys Customer Management Group, Inc*., 509 F.3d 1344, 1349 (11th Cir.2007) (quoting *Brooks v. County Comm'n of Jefferson County*, 446 F.3d 1160, 1163 (11th  Cir.2006)). In addition, "a plaintiff must show that the disparities between the successful applicant's and ... [her] own qualifications were 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the

_____

[10]Neither the comments of Maske and Hamm nor the conversation plaintiff partially overheard change this analysis.  The Eleventh Circuit held long ago that

> Congress made plain that the age statute was not meant to prohibit employment decisions based on factors that sometimes accompany advancing age, such as declining health or diminished vigor and competence or, as here, impending retirement.

*Barnes v. Southwest Forest Indus.,* 814 F.2d 607, 611 (11th Cir.1987).  In *Barnes*, the Eleventh Circuit held that a supervisor's statement to the plaintiff that in order to transfer, "you would have to take another physical examination and at your age, I don't believe you could pass" was at the most circumstantial evidence, not direct.  *Id.*

plaintiff.'" *Springer*, 509 F.3d at 1349 (quoting *Cooper v. Southern Co.*, 390 F.3d 695, 732 (11th Cir.2004)).  Here, Plaintiff has not met this burden.

"The inquiry into pretext centers upon the employer's beliefs, and not the employee's own perceptions of [her] performance." *Holifield,* 115 F.3d at 1565. As long as an employer's beliefs were honest, they can be mistaken without it implying that the employer acted with discriminatory motive. See e.g., *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 515, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993)(stating that even if the decision-makers belief was not accurate, the plaintiff must show that the decision-maker knew the proffered reason was false in order to rebut the defendant's non discriminatory reason); *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir.2002) ("We are not interested in whether the conclusion is a correct one, but whether it is an honest one.... [O]ur sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." (quotation omitted)).  At best, the plaintiff here has proved that defendant's beliefs were mistaken.  She asserts she expressed an interest in advancing, that she was assertive and that she had initiative. The issue is not whether she did or not, but whether Maske, as the decisionmaker, believed this about the plaintiff.[11] "We are not in the business of adjudging whether

---

[11]Additionally, Maske and Easter were both older than plaintiff.  An ADEA plaintiff "faces a difficult burden [where] all of the primary players behind his termination ... were well over age forty and within the class of persons protected by the ADEA." *Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466, 1471 (11th Cir.1991).

employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir.1999).

In consideration of the foregoing, the court is of the opinion that the defendant's motion for summary judgment on the plaintiff's claim of age discrimination is due to be granted.

## B. Sex Discrimination

Plaintiff asserts that the above facts constitute sex discrimination under 42 U.S.C. § 2000e as well. Setting aside the defendant's valid arguments under *Gross*, the court finds that the plaintiff failed to establish any facts tending to prove her gender was a consideration in the employment decision at issue. Although the plaintiff failed to address her gender claim separately, or offer any evidence in support of her claim of gender discrimination, the court has analyzed this claim based on the evidence in the record.[12]

As with her age claim, to establish a prima facie case that her gender played a role in her failure to be promoted, the plaintiff must show: (1) she belongs to a

---

[12]At most, the plaintiff has offered evidence that she is female and Otto is not, that she was told Otto's wife had a baby so he needed the money, and that her husband had a good job. Nothing in these statements is evidence of sex discrimination as much as evidence that Maske thought Otto needed a means to make more money. In other words, had the plaintiff had a baby and not had a working husband, Maske may very well have gone to bat for plaintiff to earn more money. This is especially true in light of the undisputed evidence that when Otto was placed in the supervisor position, he still made less money than the plaintiff.

protected class, (2) she applied for and was qualified for a promotion, (3) she was rejected despite her qualifications, and (4) other equally or less-qualified employees outside her class were promoted. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir.2004).

For the same reasons set forth above, the court finds the plaintiff cannot prevail on this claim.  While the plaintiff could arguably satisfy her prima facie case, she plaintiff provides no evidence beyond that discussed above which tends to establish her gender played any role in the decision to promote.  In fact, the plaintiff's evidence and arguments focus on her age, not her sex.  The defendant has articulated a legitimate, nondiscriminatory reason for the alleged discriminatory employment action, however, the plaintiff has failed to demonstrate by a preponderance of the evidence that the reason offered by the defendant was not the true reason for the employment decision, but rather a mere pretext for discrimination.  *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825.

## IV. CONCLUSION

The court finding that the plaintiff has failed to establish any genuine issue of material fact sufficient to allow her age or gender discrimination claims to proceed to trial, the court shall grant the defendant's motion for summary judgment on all remaining counts of the plaintiff's complaint by separate order.

**DONE** and **ORDERED** this the 4th day of January, 2012.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE